UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04-11408DPW

VICTORIA C. PATTISON,            )
    Plaintiff,               )
                                 )
v.                               )
                                 )
                                 )
THE HERTZ CORPORATION WELFARE    )
PLAN, THE HERTZ CORPORATION,     )
and METROPOLITAN LIFE            )
INSURANCE COMPANY,               )
    Defendants.              )

## ANSWER of DEFENDANTS THE HERTZ CORPORATION WELFARE PLAN and METROPOLITAN LIFE INSURANCE COMPANY

Defendants The Hertz Corporation Welfare Plan ("Plan"), and Metropolitan Life Insurance Company ("MetLife") hereby answer the numbered paragraphs of the complaint as follows.

1.   The defendants state that the first sentence of this paragraph states a legal conclusion as to which no response is necessary. In response to the second sentence, defendants admit that Ms. Pattison was a participant in The Hertz Corporation Welfare Plan (the "Plan"), an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), that provides certain long term disability benefits, and that MetLife insures the Plan under a group policy issued to The Hertz Corporation.  The defendants admit the allegations of the third and fourth sentences of this paragraph.

2.    Paragraph 2 states conclusions of law and a characterization of the complaint as to which no response is required. Otherwise, denied.

3.    Paragraph 3 states conclusions of law and a characterization of the complaint as to which no response is required. Otherwise, denied.

4.    Paragraph 4 of the complaint states conclusions of law as to which no response is required.

5.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 5 of the Complaint. The remaining allegations of paragraph 5 state conclusions of law as to which no response is required.

6.    In response to paragraph 6, defendants deny the allegations except that The Hertz Corporation Welfare Plan is an ERISA welfare benefit plan that provides certain long term disability benefits and is sponsored by Hertz under the Hertz Custom Benefit Program.

7.    The defendants admit the allegations of the first and second sentences of paragraph 7. In response to the third sentence, defendants state that at all times material to plaintiff's complaint, the Plan Administrator of The Hertz Corporation Welfare Plan was The Hertz Corporation.

8.   The defendants deny the allegations of paragraph 8, except admit that at all times material to the plaintiff's complaint MetLife was the Claims Administrator for long term disability benefits for The Hertz Corporation Welfare Plan.

9.   The defendants admit only that the plaintiff was hired in  August, 1980 as a Clerk at the Hertz Corporation in Braintree, Massachusetts. Otherwise denied.

10.  The defendants admit only that the plaintiff worked at The Hertz Corporation until November of 2000.  Otherwise denied.

11.  The defendants admit only that the plaintiff worked at The Hertz Corporation until November of 2000.  Otherwise denied.

12.  The defendants admit only that  Ms. Pattison was a participant in The Hertz Corporation Welfare Plan (the "Plan"), an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), that provides certain long term disability benefits, and that MetLife funds the Plan under a group insurance policy issued to The Hertz Corporation.

13.  The defendants admit only that at all times material to plaintiff's complaint, MetLife funded the Plan.  Otherwise denied.

14.  The defendants admit only that at all times material to the plaintiff's complaint MetLife was the Claims Administrator of the Plan.

15.  The defendants state that at all times material to plaintiff's complaint, the Plan Administrator of The Hertz Corporation Welfare Plan (the "Plan") was the Hertz Corporation.

16.  The defendants state that this is a conclusion of law and therefore no response is required.  To the extent any response is required, the terms of the Plan speak for themselves.

17.  The defendants deny the allegations contained in paragraph 17 of the complaint.

18.  The defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the correspondence, MetLife's correspondence speaks for itself and therefore deny the allegations contained in paragraph 18 of the complaint.

19.  The defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the correspondence, MetLife's correspondence speaks for itself and therefore deny the allegations contained in paragraph 19 of the complaint.

20.  The defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the correspondence, MetLife's correspondence speaks for itself and therefore deny the allegations contained in paragraph 20 of the complaint.

21.  The defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the correspondence, plaintiff's attorney's correspondence speaks for itself and therefore deny the allegations contained in paragraph 21 of the complaint.

22.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph. The defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the correspondence, the correspondence speaks for itself and therefore deny the remaining allegations of this paragraph.

23.  The defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the correspondence, plaintiff's attorney's correspondence speaks for itself and therefore deny the allegations contained in paragraph 23 of the complaint.

24.  The defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the correspondence, Hertz's correspondence speaks for itself and therefore deny the allegations contained in paragraph 24 of the complaint.

25.  The defendants state that to the extent the allegations mischaracterize or fail to include all facts

associated with the correspondence, Hertz's correspondence of January 31, 2003 and enclosures speak for themselves and therefore deny the allegations contained in paragraph 25 of the complaint.

26.  The defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the correspondence, MetLife's correspondence speaks for itself and therefore deny the allegations contained in paragraph 26 of the complaint.

27.  Denied.

28.  In response to paragraph 28, the defendants admit that the plaintiff worked at The Hertz Corporation until November of 2000, when she was authorized for short term disability leave by the Hertz Corporation.  Otherwise denied.

29.  In response to paragraph 29, the defendants state that a claim for long term disability benefits was presented to MetLife on or about March 23, 2001. The remaining allegations of this paragraph state conclusions of law to which no response is required. Otherwise, denied.

30.  In response to paragraph 30, the defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the History & Physical notes and discharge summary from the South Shore Hospital dated September 25, 1997 apparently by Dr. Blachman, such documents

speak for themselves and therefore deny the allegations contained in paragraph 30 of the complaint. Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations.

31.   In response to the first and second sentences of paragraph 31, the defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the History & Physical notes and discharge summary from South Shore Hospital dated September 25, 1997 apparently by Dr. Blachman, such documents speak for themselves and therefore deny the allegations contained in paragraph 31 of the complaint. Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations.

32.   In response to the first sentence of paragraph 32, the defendants admit only that the medical records indicate that Dr. Blachman prescribed various treatments for the plaintiff. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining allegations of paragraph 32 of the complaint.

33.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the complaint.

34.    The defendants admit that the plaintiff moved files in her position at Hertz.   Otherwise denied.

35.    The defendants admit only that the plaintiff at times forgot to process the payroll on Friday afternoons.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 of the complaint.

36.    In response to paragraph 36, the defendants state that to the extent the allegations mischaracterize or fail to include all facts associated the correspondence from Dr. Blachman dated February 29, 2000, such correspondence speaks for itself and therefore deny the allegations contained in paragraph 36 of the complaint.

37.    In response to paragraph 37, the defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with medical notes from Dr. Blachman dated April 22, 2000, such medical notes speak for themselves and therefore deny the allegations contained in paragraph 37 of the complaint.

38.    In response to paragraph 38, the defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with medical notes from Dr. Blachman dated October 17, 2000, such medical notes speak for themselves and

therefore deny the allegations contained in paragraph 38 of the complaint.

39.  In response to paragraph 39, the defendants admit only that the plaintiff worked at The Hertz Corporation until November of 2000 and that she left work based on Dr. Blachman's note.  The defendants are without knowledge or information sufficient to form a belief as to whether driving to work or completing a full day was difficult and dangerous for Ms. Pattison.  Otherwise, denied.

40.  In response to paragraph 40, the defendants state that to the extent the allegations mischaracterize or fail to include all facts associated the correspondence from Dr. Blachman dated June 11, 2001, such correspondence speaks for itself and therefore deny the allegations contained in paragraph 40 of the complaint.

41.  In response to paragraph 41, the defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the correspondence from Dr. Blachman dated December 27, 2001, such correspondence speaks for itself and therefore deny the allegations contained in paragraph 41 of the complaint.

42.  In response to paragraph 42, the defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the correspondence from Dr. Blachman

dated April 9, 2002, such correspondence speaks for itself and therefore deny the allegations contained in paragraph 42 of the complaint.

43. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Dr. Blachman requested that Dr. Weiner evaluate Ms. Pattison. Further responding, the defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with correspondence apparently from Dr. Howard Weiner dated February 19, 2003, such correspondence speaks for itself and therefore deny the allegations contained in paragraph 43 of the complaint. Further answering, defendants deny that Dr. Howard Lee Weiner's assessment was an independent evaluation of Ms. Pattison's condition.

44. In response to paragraph 44, the defendants deny that Ms. Pattison was unable to perform the duties of her regular occupation or any occupation. The defendants are without sufficient knowledge or information to form a belief as to Ms. Pattison's current condition because Ms. Pattison has refused to participate in a requested independent medical examination.

45. In response to paragraph 45, the defendants admit that a claim for long term disability benefits was presented to MetLife on or about March 19, 2001. The defendants are without information or knowledge sufficient to form a belief as the

truth of the allegations concerning the reasons for Ms.

Pattison's submission of the claim, and therefore deny the same.

Further answering, the defendants state that Ms. Pattison

indicated that her disability began on September 1997, and

therefore deny the remaining allegations of paragraph 45.

46.   The defendants are without information or knowledge

sufficient to form a belief as to the allegations of paragraph

46 and therefore deny the allegations.

47.   The defendants state that to the extent the

allegations mischaracterize or fail to include all facts

associated with MetLife's correspondence, such correspondence

speaks for itself and therefore deny the allegations of

paragraph 47 of the complaint.

48.   The defendants admit the first sentence of paragraph

48. Further answering, the defendants state that on or about

July 2, 2001 the Social Security Administration determined that

the plaintiff was not entitled to disability benefits. Following

a Request for Reconsideration, on or about October 28, 2001, the

Social Security Administration determined that the plaintiff was

entitled to monthly disability benefits beginning August 2001.

Otherwise denied.

49.   The defendants state that to the extent the

allegations mischaracterize or fail to include all facts

associated with the Notice of Award dated October 28, 2001 from

the Social Security Administration, such Notice of Award speaks for itself and therefore deny the allegations of paragraph 49 of the complaint.

50.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the complaint.

51.  The defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with MetLife's correspondence, such correspondence speaks for itself and therefore deny the allegations contained in paragraph 51 of the complaint.

52.  The defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with this review, such review speaks for itself and therefore deny the allegations of this paragraph.

53.  In response to paragraph 53, the defendants admit only that Amy Hopkins, M.D., M.P.H., Ph.D., is Board Certified in Internal Medicine, Board Certified in Occupational Medicine, and a Fellow of the American College of Occupational & Environmental Medicine. Otherwise, denied.

54.  Denied.

55.  In response to paragraph 55, the defendants state that Dr. Hopkins reviewed the information submitted by Dr. Blachman in response to MetLife's request of December 4, 2001 to Dr.

Blachman.  Further answering, the defendants state that MetLlife
forwarded a copy of Dr. Hopkins' report to Dr. Blachman on or
about February 12, 2002. MetLife requested that Dr. Blachman
"review and provide any additional information or comments
regarding Ms. Pattison's current functional abilities… by
February 26, 2002." As of March 28, 2002, MetLife had not
received any additional information from Dr. Blachman. The
defendants admit that Dr. Hopkins did not directly contact Dr.
Blachman. Otherwise, denied.

56.  The defendants are without information or knowledge
sufficient to form a belief as to the allegations in the
allegations contained in the first sentence of paragraph 56.
With respect to the remaining sentences of paragraph 56, to the
extent the allegations mischaracterize or fail to include all
facts associated with Dr. Blachman's correspondence, the
defendants state that Dr. Blachman's correspondence speaks for
itself and therefore deny the remaining allegations contained in
paragraph 56 of the complaint.

57.  The defendants state that to the extent the
allegations mischaracterize or fail to include all facts
associated with Dr. Blachman's correspondence, such
correspondence speaks for itself and therefore deny the
remaining allegations of paragraph 57.

58.   In response to paragraph 58, the defendants state that on or about May 1, 2002 the plaintiff's attorney, Erin Clasby, forwarded a letter to MetLife that sought "to reopen her claim and appeal the denial of her benefits." MetLife acknowledged the appeal letter on or about May 20, 2002, and forwarded to plaintiff's attorney medical information reviewed in making the withdrawal decision. On or about May 28, 2002, plaintiff's attorney forwarded a letter to MetLife that "clarif[ied] the request… sent… on May 1, 2002." The May 28, 2002 letter stated in reference to the May 1, 2002 letter, "That letter was to notify of our intent to appeal the termination of Mrs. Pattison's benefits." Further answering, the defendants state that on or about August 1, 2002, plaintiff's attorney forwarded correspondence to MetLife, that was received by MetLife on or about August 8, 2002. On or about September 17, 2002, MetLife notified plaintiff's attorney that it required "an additional 45 days to render a decision on the appeal."

59.   In response to paragraph 59, the defendants admit that Dr. Robert C. Porter reviewed medical records, correspondence and other information relating to the plaintiff's claim set forth in the Independent Physician Consultant Review dated September 12, 2002.

60.   Admitted.

61.   Denied.

62.  Denied.

63.  The defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the Independent Physician Consultant Review dated September 12, 2002, such report speaks for itself and therefore deny the allegations contained in paragraph 63 of the complaint concerning the report. Otherwise, denied.

64.  The defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the Independent Physician Consultant Review dated September 12, 2002, such report speaks for itself and therefore deny the allegations contained in paragraph 64 of the complaint concerning the report. Otherwise, denied.

65.  The defendants admit that on or about October 16, 2002, MetLife sent a letter informing plaintiff's counsel that the original determination was upheld upon appeal review. Further responding, the defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with such correspondence and its determination, MetLife's correspondence speaks for itself and therefore deny the remaining allegations contained in paragraph 65 of the complaint.

66.  The defendants admit that plaintiff's new counsel sent a letter dated November 13, 3002 to MetLife. Further responding,

the defendants' state that to the extent the allegations mischaracterize or fail to include all facts associated with the correspondence, the plaintiff's counsel's correspondence speaks for itself and therefore deny the remaining allegations contained in paragraph 66 of the complaint.

67.  Denied.

68.  The defendants admit that plaintiff's new counsel sent a letter dated December 20, 2002 to MetLife. Further responding, the defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the correspondence, plaintiff's counsel's correspondence speaks for itself and therefore deny the remaining allegations contained in paragraph 68 of the complaint.

69.  Denied.

70.  The defendants admit that plaintiff's new counsel sent a letter dated January 6, 2003 to MetLife. Further responding, the defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the correspondence, plaintiff's counsel's correspondence speaks for itself and therefore deny the remaining allegations contained in paragraph 70 of the complaint.

71.  The defendants admit that on or about March 6, 3003 MetLife sent a letter to plaintiff's counsel. Further responding, the defendants state that to the extent the

allegations mischaracterize or fail to include all facts associated with MetLife's correspondence, MetLife's correspondence speaks for itself and therefore deny the remaining allegations contained in paragraph 71 of the complaint.

72.  Denied.

73.  In response to paragraph 73, the defendants state that correspondence dated January 29, 2003 to plaintiff's attorney from Paul R. Blatchford, Ed. M. was presented to MetLife. Otherwise, the defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 73, and therefore deny the same.

74.  In response to paragraph 74, the defendants state that correspondence dated January 29, 2003 to plaintiff's attorney from Paul R. Blatchford, Ed. M. was presented to MetLife. Otherwise, the defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 74, and therefore deny the same.

75.  In response to paragraph 75, the defendants state that correspondence dated January 29, 2003 to plaintiff's attorney from Paul R. Blatchford, Ed. M. was presented to MetLife. Further responding, the defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the correspondence, the Blatchford

correspondence speaks for itself and therefore deny the
remaining allegations contained in paragraph 75 of the
complaint.

76.  Denied.

77.  The defendants state that to the extent the
allegations mischaracterize or fail to include all facts
associated with plaintiff's submission, including any documents
submitted in connection therewith, such documents speak for
themselves and therefore deny the allegations of paragraph 77.

78.  The defendants state that to the extent the
allegations mischaracterize or fail to include all facts
associated with MetLife's determination and correspondence, such
correspondence speaks for itself and therefore deny the
allegations of this paragraph.

79.  The defendants admit that Ms. Pattison's attorney sent
correspondence dated July 15, 2003 to Executive Officers of
MetLife and Hertz. The defendants state that to the extent the
allegations mischaracterize or fail to include all facts
associated with the correspondence, such correspondence speaks
for itself and therefore deny the remaining allegations of this
paragraph.

80.  The defendants state that to the extent the
allegations mischaracterize or fail to include all facts
associated with MetLife's correspondence, such correspondence

speaks for itself and therefore deny the allegations of this paragraph.

81.  Admitted.

82.  The defendants admit that on or about August 25, 2003 MetLife requested that plaintiff undergo an Independent Medical Examination ("IME"). Further responding, the defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with MetLife's and the plaintiff's attorney's correspondence, such correspondence speaks for itself and therefore deny the remaining allegations of this paragraph.

83.  The defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the plaintiff's attorney's correspondence, such correspondence speaks for itself and therefore deny the allegations of this paragraph characterizing the correspondence. Otherwise, denied.

84.  The defendants admit that MetLife informed counsel for Ms. Pattison on or about August 26, 2003 that it did not consider Dr. Weiner's evaluation to be an independent medical examination. Otherwise, denied.

85.  The defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with plaintiff's attorney's correspondence, such

correspondence speaks for itself and therefore deny the remaining allegations of this paragraph.

86.  The defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with MetLife's correspondence, such correspondence speaks for itself and therefore deny the allegations of this paragraph characterizing the correspondence.  Further responding, defendants state that MetLife's correspondence explained that it "utilizes the services of an independent vendor in selecting an IME physician and therefore, does not have a direct role in the choice. Within reason, if you object to a doctor that is selected by the company, MetLife can work with you to determine an examiner who is acceptable to both parties." Otherwise, denied.

87.  Denied.

88.  Denied.

89.  Denied.

90.  The defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the plaintiff's attorney's correspondence, such correspondence speaks for itself and therefore deny the remaining allegations of this paragraph.

91.  The defendants admit that MetLife notified plaintiff's counsel on or about November 10, 2003 that it was upholding the termination of Ms. Pattison's claim. Otherwise denied.

92.  Denied.

93.  Denied.

94.  Denied.

95.  Denied.

96.  Denied.

97.  Denied.

98.  Denied.

99.  Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied

104. Denied

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Paragraph 110 states conclusions of law as to which no response is required.

111. Defendants repeat their responses to paragraph 1 through 110 above.

112. Denied.

113. Denied.

114. Paragraph 114 states conclusions of law as to which no response is required.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Defendants repeat their responses to paragraphs 1 through 119 above.

121. Denied.

122. Defendants deny that plaintiff is entitled to any award and therefore deny the allegations of this paragraph.

123. Denied.

124. Denied.

125. Denied.

126. The remaining paragraphs of the complaint entitled "PRAYER FOR RELIEF" set forth requests for relief as to which no response is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint seeks benefits pursuant to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*, which provides the exclusive remedies for an alleged improper denial of benefits, and Plaintiff is limited to the rights and remedies afforded under ERISA. Under ERISA, Plaintiff is not entitled to seek compensatory, punitive, or other extra-contractual damages.

### Second Affirmative Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

To the extent (and without admitting that) Ms. Pattison is entitled to recover any benefits under the Plan at issue, such recovery is subject to setoffs under the terms of the Plan.

### Fourth Affirmative Defense

To the extent (and without admitting that) Ms. Pattison is entitled to benefits at this time, such immediate entitlement does not mean that Ms. Pattison has an entitlement to unlimited future benefits given, *inter alia*, the possibility for future recovery from any disabling conditions (the existence of which

is denied), as well as the effect of different Plan
requirements, exclusions, or limitations.

### Fifth Affirmative Defense

The determinations by any defendant regarding Ms.
Pattison's claim for benefits were not arbitrary and capricious,
but rather were reasonable based on the evidence submitted by
Ms. Pattison and comprising the claim file, and were made in
good faith, in accordance with the terms of the Plan and
applicable law.

### Sixth Affirmative Defense

All determinations made by any defendant with respect to
Plaintiff's claim for benefits were made in the interest of all
plan participants and beneficiaries and in accordance with the
terms and conditions of the plan documents.

### Seventh Affirmative Defense

Plaintiff's Complaint, in whole or in part, fails to state
a claim for relief against defendant The Hertz Corporation and
defendant The Hertz Corporation Welfare Plan.

### Eighth Affirmative Defense

The prayers for relief are barred to the extent the relief
sought is not permitted by ERISA.

WHEREFORE, the defendants respectfully request that the Court dismiss the complaint with prejudice, and award defendants their attorneys fees and costs.

                              THE HERTZ CORPORATION WELFARE PLAN and
                              METROPOLITAN LIFE INSURANCE COMPANY
                              By their attorneys,


                              _____
                              James F. Kavanaugh, Jr. BBO # 262360
                              Constance M. McGrane BBO #546745
                              CONN KAVANAUGH ROSENTHAL PEISCH
                               & FORD, LLP
                              Ten Post Office Square
                              Boston, MA 02109
                              617-482-8200

Dated: October 6, 2004

207622.1