# EXHIBIT A

**ROSENFELD & RAFIK**
A PROFESSIONAL CORPORATION

44 SCHOOL STREET
SUITE 410
BOSTON, MASSACHUSETTS 02108

S. STEPHEN ROSENFELD
MALA M. RAFIK

OF COUNSEL
RICHARD AMES

TEL. (617) 723-7470
FAX (617) 227-2843
HTTP://WWW.ROSENFELD.COM

February 14, 2005

**BY FAX AND FIRST CLASS MAIL**

Constance M. McGrane, Esq.
Conn Kavanaugh Rosenthal Peisch & Ford, LLP
Counselors at Law
Ten Post Office Square
Boston, MA 02109

      Re:    *Victoria C. Pattison v. The Hertz Corporation Welfare Plan, et. al.*
            *Civil Action No.: 04-11408DPW*

Dear Connie:

      Thank you for taking the time to put together the record for this case. Pursuant to the terms of the Joint Statement in the above-referenced matter, I am writing to articulate the portions of the "Agreed Upon and Complete Record for Judicial Review," which the Plaintiff feels are incomplete or otherwise inaccurate. These items are as follows:

1. It is the Plaintiff's position that the record is not complete until discovery has been completed. The Plaintiff will be submitting limited interrogatories to MetLife, as discussed during the Scheduling Conference in this matter. It is the Plaintiff's position that the answers to these interrogatories should be part of the Record for Judicial Review. Moreover, should the parties engage in additional discovery in this matter, it is likely that the documents, interrogatory answers, or deposition transcripts may be part of the Record for Judicial Review.

2. In the event that the Court determines that the correct standard of review to be applied in this matter is the *de novo* standard of review, the Plaintiff reserves the right to include additional documentation regarding Ms. Pattison's eligibility for benefits into the administrative record. Accordingly, the record as it stands is incomplete in this respect.

3. The record as currently disclosed fails to contain any training materials, administrative guidelines, claims manuals, or other materials regarding the interpretation and administration of the Plan at issue. *See Glista v. Unum*

Constance M. McGrane, Esq.
February 14, 2005
Page 2

*Life Insurance Company*, 378 F.3d 113 (1st Cir. 2004).

4. It is unclear if all the attachments to Ms. Pattison's appeal are included in the record, particularly since the exhibit tabs have been removed. Perhaps we can discuss a way to include the appeal, with the exhibit tabs, for easier reading by all parties.

Thank you again for putting together the record. I look forward to discussing the issues presented above with you as contemplated by the Joint Statement.

Sincerely,

Mala M. Rafik

cc: Victoria C. Pattison
    Daniel J. Blake, Esq.