# EXHIBIT B

# ROSENFELD & RAFIK

### A PROFESSIONAL CORPORATION

---

#### 44 SCHOOL STREET
#### SUITE 410
#### BOSTON, MASSACHUSETTS 02108

S. STEPHEN ROSENFELD

MALA M. RAFIK

TEL. (617) 723-7470

FAX (617) 227-2843

HTTP://WWW.ROSENFELD.COM

OF COUNSEL

RICHARD AMES

February 23, 2005

**BY FIRST CLASS MAIL**

Constance M. McGrane, Esq.
Conn Kavanaugh Rosenthal Peisch & Ford, LLP
Counselors at Law
Ten Post Office Square
Boston, MA  02109

> Re:    *Victoria C. Pattison v. The Hertz Corporation Welfare Plan, et. al.*
> *Civil Action No.: 04-11408DPW*

Dear Connie:

The Joint Statement in the above-referenced matter contemplates briefing regarding discovery on March 14, 2005.  However, in light of the discussion before the Court during the Scheduling Conference, I have enclosed four interrogatories for Metropolitan Life Insurance Company's ("MetLife") response.  These interrogatories follow the instruction of the Court regarding the nature and scope of permissible discovery.  It is my hope that MetLife will agree to respond to the enclosed discovery, thereby eliminating the need to brief the issue next month.

Thank you.  Please do not hesitate to call if you have any questions.

Sincerely,

Mala M. Rafik

cc:    Victoria C. Pattison
Daniel J. Blake, Esq.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

VICTORIA C. PATTISON,

     Plaintiff,

v.

THE HERTZ CORPORATION WELFARE
PLAN & METROPOLITAN LIFE
INSURANCE COMPANY,

     Defendants.

Civil Action No.: 04-11408DPW

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
### DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY

Pursuant to Fed. R. Civ. P. 33 and the Court's Order at the Scheduling Conference

in this matter, the Plaintiff, Victoria C. Pattison ("Plaintiff" or "Ms. Pattison") requests

that Metropolitan Life Insurance Company ("MetLife" or "Defendant") answer the

following First Set of Interrogatories, fully and under oath, and timely served upon the

attorneys for Ms. Pattison.

### INSTRUCTIONS

1.    These interrogatories require supplemental or amended answers as set forth in Fed. R. Civ. P. 26(e). These interrogatories shall be deemed to be continuing requests for supplemental answers, so as to require additional answers if the party on whom these interrogatories are served obtains further information between the time answers are served and the time of trial of this action.

3.    If you contend that any of the information, documents or tangible items sought in this discovery request is protected from discovery on the basis of:

    1.    the attorney-client privilege;

    2.    the work-product doctrine as limited by Fed.R.Civ.P. 26(b)(3) to include only the mental impressions of a party's attorney or other representative and their conclusions, opinions, or legal theories concerning the litigation;

3.   the preparation in anticipation of litigation or trial by the attorney or other representative of a party, for which a showing of substantial need is required pursuant to Fed.R.Civ.P. 26(b)(3); or,

4.   a statutory grant of protection from disclosure, such as protection of trade secret information,

you are to provide the following information in each instance in lieu of the discovery sought:

1.   the specific nature of the protection from disclosure that you contend applies;

2.   all facts upon which you base your contention that a valid protection from disclosure applies;

3.   the form in which the information is contained (e.g. document, recollection of a fact witness, three dimensional model, etc.);

4.   in the case of a document, sufficient information so as to enable its subsequent identification in a motion for *in camera* inspection (including but not limited to:  author, recipient, date of the document and number of pages); and,

5.   in the case of information encarded, on computer disk or tape, in microfiche or microfilm, in video tape or film, sufficient information so as to enable its subsequent identification in a motion for *in camera* inspection (including but not limited to: type, manner and format, number of units, and duration or length of film or video tape).

## DEFINITIONS

The following definitions specific to this litigation are set forth as follows:

1.   The term "Plaintiff" or "Ms. Pattison" as used herein means Victoria C. Pattison.

2.   The terms "Defendant" or "MetLife" as used herein means the Defendant, Metropolitan Life Insurance Company, its agents, servants, attorneys, representatives, employees, and all persons or entities acting on behalf of one or more of these persons or entities.

4.   The term "NMR" as used herein means Network Medical Review, its agents, servants, attorneys, representatives, employees, affiliated companies, including without limitation Elite Physicians, Ltd., and all persons or entities acting on behalf of one or more of these persons or entities.

5.   The term "claimant files" as used herein means the files, retained by MetLife, of individuals who have claims with MetLife for short- or long-term disability benefits.

2

## INTERROGATORIES

**Interrogatory No. 1**: For each year since 2000, please state the number of claimant files that MetLife has referred to NMR and NMR's affiliated companies or entities, including Elite Physicians Ltd.

**Interrogatory No. 2**:  For each year since 2000, please state how much in total MetLife has paid to NMR and NMR's affiliated companies or entities, including Elite Physicians Ltd.

**Interrogatory No. 3**:  For each year since 2000, please state the number of claimant files that MetLife has referred to Dr. Amy Hopkins for review.

**Interrogatory No. 4**: For each year since 2000, please state how much in total MetLife has paid to Amy Hopkins, M.D.

Respectfully submitted,

VICTORIA C. PATTISON
By her attorney,

Mala M. Rafik (BBO No. 638075)
ROSENFELD & RAFIK, P.C.
44 School Street, Suite 410
Boston, MA  02108
(617) 723-7470

3