# EXHIBIT E

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - :
JOSEPH PALMIOTTI,                 :    04 Civ. 0718 (LTS) (JCF)
                                  :
              Plaintiff,          :         O R D E R
                                  :
     - against -                  :
                                  :
METROPOLITAN LIFE INSURANCE       :
COMPANY,                          :
                                  :
              Defendant.          :
- - - - - - - - - - - - - - - - - :
```

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Counsel having submitted letter briefs concerning disputes over the scope of plaintiff's discovery, it is hereby ORDERED as follows:

1. Plaintiff's requests for MetLife's internal guidelines generally seek information reasonably likely to lead to relevant evidence, even assuming plaintiff's claim will be adjudicated using an arbitrary and capricious standard. To the extent that MetLife's determination of plaintiff's claim may have deviated from its own standards, its decision could well be classified as arbitrary. MetLife shall therefore produce all documents sought in Request No. 6 (disabilities caused by multiple sclerosis), as well as those sought in Request No. 4 that related to total disability generally (as opposed to those documents relating to specific grounds for total disability other than multiple sclerosis). Request No. 5 (all documents relating to administration of the Plan) is overbroad and need not be responded to.

2. Plaintiff's request for information relating to MetLife's

1

standards for hiring outside medical consultants seeks relevant information. See Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94, 103 (W.D.N.Y., 2000) (citing Miller v. United Welfare Fund, 72 F.3d 1066 (2d Cir. 1995)) (relevant issues for discovery include fiduciary's reliance on outside technical assistance). MetLife shall therefore produce the documents sought in Request No. 7.

   3. Likewise, plaintiff is entitled to review the information upon which MetLife's consultants relied. See Nagele, 193 F.R.D. at 103. MetLife has not suggested that, as a practical matter, it is unable to obtain the requested documents from its consultants. See Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 146-47 (S.D.N.Y. 1997). Accordingly, MetLife shall produce all documents responsive to Request No. 15.

   4. The possible marginal relevance of information concerning the retention of MetLife's consultants with respect to claims other than the plaintiff's is outweighed by the burden and expense of producing that information. In addition, such information is properly sought, if at all, by means other than interrogatories. See Local Civil Rule 33.3. MetLife therefore need not respond to Interrogatories 13-18.

   5. MetLife shall produce for deposition the individual who made the final decision rejecting plaintiff's claim. See Miller, 72 F.3d at 1072 (finding of arbitrary and capricious denial based in part on deposition of fund administrator); Nagele, 193 F.R.D. at 103 (referencing Miller).

6. MetLife shall produce the documents determined by this Order to be discoverable, as well as those that it previously agreed to produce, within two weeks.

SO ORDERED.

*[signature: James C. Francis IV]*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         November 5, 2004

Copies mailed this date:

Scott M. Riemer, Esq.
Reimer & Associates LLC
60 East 42nd Street
Suite 2430
New York, New York  10165

Allan M. Marcus, Esq.
Lester, Schwab, Katz & Dwyer LLP
120 Broadway
New York, New York  10271

3