# EXHIBIT H

Glenn R Kantor, Esq State Bar No 122643
Elizabeth K Green, Esq State Bar No 199634
KANTOR & KANTOR, LLP
15165 Ventura Boulevard, Ste 400
Sherman Oaks, CA 91403
Tel (818) 981-1941
Fax (818) 981-1943
E-Mail gkantor@kantorlaw net

Attorneys for Plaintiff, Wilma Clark

Priority ✓
Send ✓
Enter —
Closed —
JS-5/JS-6 —
JS-2/JS-3 —
Scan Only —

FILED
BY          DEPUTY
MAR - 1 2005
CLERK, U S DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LODGED
05 FEB 10 AM 9 51

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMA F CLARK, | CASE NO ED CV04-1236 VAP (SGLx) |
| Plaintiff, | [PROPOSED] ORDER |
| VS | |
| METROPOLITAN LIFE INSURANCE COMPANY, HOME DEPOT LONG TERM DISABILITY PLAN, HOME DEPOT MEDICAL PLAN, HOME DEPOT LIFE INSURANCE PLAN; HOME DEPOT PENSION/ RETIREMENT PLAN, | |
| Defendants | |

DOCKETED ON CM
MAR - 1 2005
BY          044

A Scheduling Conference was held on February 7, 2005, before the Honorable Virginia A Phillips, U S District Court Judge, presiding, with Elizabeth K Green and Glenn R Kantor, Kantor & Kantor LLP, appearing on behalf of Plaintiff, and Krista L Mitzel and Lawrence E Butler, Seyfarth Shaw LLP, appearing on behalf of Defendants

The Court ordered that discovery was permissible in this matter regarding

1    The number of times that Defendants have utilized the services of the

     medical reviewer(s) who reviewed Plaintiff's claim for Defendants,

1

2  The amounts Defendants paid to the medical reviewer(s) who reviewed Plaintiff's claim, and the amounts paid to those medical reviewer(s) in the three (3) years preceding the review of Plaintiff's claim,

3  In the event the medical reviewers were subcontracted by another agency working on MetLife's behalf, the amounts paid by MetLife to the subcontracting company in the three (3) years preceding the review of Plaintiff's claim,

4  Any written communications between MetLife and the Plan Sponsor demonstrating that the Plan Sponsor, prior to the purchase of the subject group policy, affirmatively requested that language be included in the group policy delegating discretion upon MetLife to interpret Plan terms and/or to determine eligibility for disability benefits, and,

5  In the event no documents exist responsive to category 4 above, all documentation, in either written or electronic form, establishing how the language delegating discretion upon Met Life to interpret Plan terms and/or to determine eligibility for disability benefits came to be included in the subject group policy

Date  February 15, 2005

Honorable Virginia A Phillips
U S/ District Court Judge

2

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                       ) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California  I am over the age of 18 and not a party to the within action, my business address is 15165 Ventura Boulevard, Suite 400, Sherman Oaks, California 91403

On   February 9,  2005, I served the foregoing document described as [PROPOSED] ORDER on the interested parties in this action by serving a copy thereof  in a sealed envelope addressed as follows

Eric McDonough, Esq           Krista L Mitzel, Esq
Seyfarth Shaw                  Seyfarth Shaw
2029 Century Park East, Suite 3300    560 Mission Street, Suite 3100
Los Angeles, California 90067  San Francisco, California 94105

[xx]  [BY MAIL] I deposited such envelope in the mail at Sherman Oaks, California   The envelope was mailed with postage thereon fully prepaid

[XX]  As follows  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing   Under that practice it would be deposited with U S  postal service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business   I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[]  (BY FACSIMILE)   I faxed such document to the facsimile number above following regular business practices

[ ]  (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee

[ ]  (BY FEDERAL EXPRESS) I caused such envelope to be delivered by Federal Express to the offices of the addressee

[ ]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct

[XX]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on February 9, 2005, at Sherman Oaks, California

_Mildred Schwam_
Mildred Schwam