UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTORIA C. PATTISON,<br><br>     Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION WELFARE PLAN, THE HERTZ CORPORATION, AND METROPOLITAN LIFE INSURANCE COMPANY,<br><br>     Defendants. | Civil Action No.: 04-11408DPW |

### PLAINTIFF=S REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR LIMITED PRE-TRIAL DISCOVERY

Pursuant to Local Rule 7.1(B)(3), the Plaintiff submits this reply memorandum to respond to two inaccuracies in the Defendants= Opposition (AOpposition@).

**I.     *Liston* Does Not Support A Blanket Prohibition on Discovery In ERISA Cases.**

The Defendant's reliance upon *Liston v. Unum Corporation Office Severance Plan,* 330 F.3d 19, 26 (1st Cir. 2003) as precluding discovery in this matter is misplaced.  It is relevant to note that the district court's decision in *Liston* to grant discovery, including depositions of the defendant insurer's claim handlers, was not disturbed by the First Circuit.  Rather, the First Circuit held "that the district court had not abused its discretion in refusing to grant to a claimant who had been denied benefits discovery *about other similarly situated claimants who did receive benefits.*" *See e.g., Glista v. Unum Life Insurance Company*, 378 F.3d 113, 122 (1st Cir. 2004)(emphasis added), citing *Liston, supra*.  Ms. Pattison is not seeking fact discovery as to "similarly situated claimants."  Accordingly, the First Circuit's holding in *Liston* is inapposite to

the current matter. *See also*, *Coleman* v. *Prudential Insurance Company*, No.03-10249 (Tauro, J.) ("As *Liston* . . . contemplates focused discovery in an ERISA action to construct a meaningful record, this court will allow discovery to proceed in this case.") (*See* Exhibit A.)

### II. Discovery is Permitted in ERISA Cases Where the Standard of Review is Arbitrary and Capricious.

Contrary to the Defendant's arguments, discovery is permitted in cases where the standard of review is arbitrary and capricious. For example, the standard of review in both *Glista, supra* and *Liston, supra* was discretionary. In both cases, discovery was permitted. *See also, Bedrick* v. *Travelers Insurance Company*, 93 F.3d 149, 151-153 (4th Cir. 1996) (the court, in an abuse of discretion case, reversed a grant of summary judgment to the plan administrator in reliance on discovery conducted in the district court[1] regarding the reviewing physician=s reference to a medical journal article not included in the claimant=s review file); *Parente* v. *Aetna Life Insurance Company*, 2001 WL 177086 (E.D.Pa. Jan. 25, 2001) (granting in part, and denying in part, plaintiff=s motion to compel discovery in an abuse of discretion case); *Spann* v. *Chicago Physicians II, P.C.*, 2000 U.S. LEXIS 14963 (N.D.Il. October 10, 2000) (permitting discovery); *Caldwell* v. *Life Insurance Company of North America,* 165 F.R.D. 633, 638 (D.Kan. March 27, 1996) (upholding discovery as to (1) whether the defendant Afulfilled its fiduciary duty to obtain information necessary to make its determination to deny benefits@; (2) whether the defendant Afollowed proper procedures in reviewing and denying the claim of the plaintiff@; and (3) Awhether the record is complete.@  A[These are] matters [that] could impact the decision as to whether the denial, review, or failure to review was arbitrary and capricious.  They could also

---

[1]*See Bedrick v. Travelers Insurance Company*, 1995 U.S. Dist. LEXIS 9708 (E.D.N.C. June 15, 1995) for the district court opinion.

affect a determination as to whether defendant provided plaintiff a full and fair review.  As a general principle, a party may pursue discovery on such issues in ERISA actions.@).

In support of its proposition that discovery is not permitted in abuse of discretion cases, the Defendant cites *Abromitis v. Continental Casualty Company/CNA Companies*, 261 F.Supp.2d 388 (W.D.N.C. 2003).  However, in 2004, one year after the *Abromitis* case, the same district that issued *Abromitis* rendered a decision in *Brown v. Continental Casualty Company*, Civil Action No. 04-14 (W.D.N.C. June 3, 2004), holding that discovery in an abuse of discretion case as to "factors such as "the adequacy of the materials considered to make the decision and the degree to which they support it," "whether the decision making process was reasoned and principled," and "the fiduciary's motives and any conflict of interest it may have" was permitted.  (*See* Exhibit B.)

In light of the above, the Court should permit the Plaintiff to engage in limited pre-trial discovery to develop the parameters of the administrative record for its review.

Date:   April 7, 2005                               Respectfully submitted,

                                                    VICTORIA C. PATTISON
                                                    By her attorney,


                                                    /s/ Mala M. Rafik
                                                    Mala M. Rafik (BBO No. 638075)
                                                    ROSENFELD & RAFIK, P.C.
                                                    44 School Street, Suite 410
                                                    Boston, MA  02108
                                                    (617) 723-7470

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that, on this 7th day of April, 2005, one copy of the above document was delivered via electronic mail, to counsel for the Defendants.

/s/ Mala M. Rafik
Mala M. Rafik, Esq.

## RULE 7.1(2) CERTIFICATION

     The Plaintiff certifies that she has conferred with Defendant's counsel regarding the filing of this Motion and accompanying Memorandum. Defendant's counsel opposes the Plaintiff's filing of this brief.

/s/ Mala M. Rafik
Mala M. Rafik