# EXHIBIT B

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED
ASHEVILLE, N.C.
2004 JUN -3 PM 2:52
W. DIST. OF N.C.

CIVIL NO. 1:04CV14

LOUISE BROWN, )
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　)
vs. ) **ORDER**
　　　　　　　　　　　　　　　　)
CONTINENTAL CASUALTY )
COMPANY, )
　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )
_____)

　　　　THIS MATTER is before the Court on Plaintiff's motion to compel and Defendant's motion to quash.

　　　　Plaintiff brings this action under § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") and 28 U.S.C. § 2201. On April 19, 2004, Plaintiff served on Defendant interrogatories and requests for admissions. This discovery sought to obtain information that would assist Plaintiff in understanding and evaluating 1) how Defendant's long-term disability plan is administered, 2) any bias or conflict of interest that the administrator may have, 3) what evidence the administrator relied on in denying Plaintiff's claim, and 4) the reliability of that evidence. Defendant moved to quash the discovery requests, claiming that discovery beyond the administrative record is not appropriate in ERISA cases. Plaintiff moved to compel.

　　　　The parties have stipulated that the Court should use a modified abuse-of-discretion standard in deciding this case. Joint Stipulation, filed May 20, 2004, ¶ 3. Therefore, the

2

Court's ultimate task will be to make "an assessment of the reasonableness of the administrator's decision... based on the facts known to [the administrator] at the time." *Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co.*, 32 F.3d 120, 125 (4th Cir. 1994). In other words, the Court will not determine whether Plaintiff is disabled but, instead, will determine whether Defendant's decision-making process was reasoned and principled. *See Ellis v. Metropolitan Life Ins. Co.*, 126 F.3d 228, 232 (4th Cir. 1997) (stating that the court is to pass on the reasonableness of the administrator's decision rather than substituting its own judgment for that of the administrator). Therefore, evidence of the Plaintiff's disability that was not before the Defendant when it denied Plaintiff's claim is irrelevant and inadmissible. *See Webster v. Metropolitan Life Ins. Co.*, 33 Fed.Appx. 69, 74 (4th Cir. 2002) (implying that, under an abuse of discretion standard, the court should base its determination only on evidence that was before the administrator at the time it made its decision); *Lloyd v. Evangeline Health Care, Inc.*, 1999 WL 33117256, **6 (W.D.N.C. 1999) (holding that under a modified abuse of discretion standard, a court should limit its review to the evidence before the administrator when it made its decision.) However, evidence pertaining to the decision-making process itself is relevant, and the Court finds no binding precedent implying that such evidence is inadmissible.

The precise issue *sub judice*, however, is one of discoverability, not admissibility. Defendant cites *Stanley v. Metropolitan Life Ins. Co.*, ___ F.Supp.2d ___, 2004 WL 329386 (E.D. Va. 2004), for the proposition that discovery is not appropriate when a court is reviewing an administrator's decision under an abuse-of-discretion standard. Defendant's Memorandum in support of Motion to Quash, filed May 21, 2004, at 3-6. Although the Defendant has

3

properly interpreted *Stanley*, the Court disagrees with *Stanley's* holding and declines to adopt it. The *Stanley* court held that, because "no facts beyond the administrative record are admissible, discovery, which by definition seeks evidence beyond the record, is impermissible . . . ." *Id.*, **2. This holding fails to make the important distinction between evidence of Plaintiff's disability and evidence of an inadequate or unfair review process. Evidence of Plaintiff's disability that was not before the administrator when it denied Plaintiff's claim is irrelevant and not discoverable. However, evidence pertaining to the review process itself is highly relevant and is discoverable.

The Court bases this determination partly on the Fourth Circuit's holding that, in assessing the reasonableness of an administrator's decision, district courts are to consider

> (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decisionmaking process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

*Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 342-43 (4th Cir. 2000). Evidence pertaining to factors such as "the adequacy of the materials considered to make the decision and the degree to which they support it," "whether the decision making process was reasoned and principled," and "the fiduciary's motives and any conflict of interest it may have" will very often be found outside of the administrative record. To determine that this type of evidence is inadmissible would hamper the ability of courts to consider the factors that *Booth* laid out.

4

Furthermore, district courts applying the modified abuse-of-discretion standard are to modify the "abuse of discretion standard according to a sliding scale. The more incentive for the administrator or fiduciary to benefit itself by a certain interpretation of benefit eligibility or other plan terms, the more objectively reasonable the administrator or fiduciary's decision must be and the more substantial the evidence must be to support it." *Ellis*, at 233. Much evidence pertaining to the administrator's bias will not be within the administrative record, and it would be nearly impossible for district courts to know how to modify the abuse-of-discretion standard without access to such evidence. Giving courts guidance in modifying the abuse-of-discretion standard is yet another reason why evidence pertaining to the review process itself is admissible and discoverable even if it is not within the administrative record.

In the present case, all of the disputed discovery requests are reasonably calculated to lead to evidence pertaining to the review process itself. This evidence is relevant, admissible, and discoverable.

IT IS, THEREFORE, ORDERED that the Plaintiff's motion to compel is hereby GRANTED and the Defendant's motion to quash is hereby DENIED.

THIS the ___3rd___ day of June, 2004.

LACY H. THORNBURG
UNITED STATES DISTRICT COURT JUDGE